Hillsborough, }
　June, 1897. }

TUCKER, *Trustee, Ap't, v.* NEW HAMPSHIRE TRUST CO.

A banking corporation which is authorized by its charter to receive trust funds and act as trustee under judicial appointment may lawfully deposit in its savings department funds which it holds as trustee.

If the savings bank in which such deposit was made becomes insolvent, a new trustee will not be a preferred creditor for the full amount of the trust fund, but will share equally with other depositors in a distribution of assets.

APPEAL, from a decree of the probate court of Carroll county, allowing the account of the New Hampshire Trust Company, trustee under the will of Isaac Adams. After taking this appeal, the plaintiff became a party to the proceedings in this county for the liquidation of the affairs of the Trust Company. Facts found by the court.

*Samuel C. Eastman,* for the plaintiff.

*Oliver E. Branch* and *Edwin F. Jones,* for the defendants.

CLARK, J. The plaintiff is the successor of the New Hampshire Trust Company as trustee under the will of Isaac Adams, by appointment of the probate court for Carroll county. The Trust Company was appointed by the probate court May 28, 1888, received practically $41,600 as a trust fund, and continued to act as trustee until it resigned in 1895. April 8, 1890, the trust funds, having previously been invested in United States bonds and mortgage notes, were deposited in the savings department of the Trust Company, where they have since remained, except that one third of the deposit has been paid to and is now held by the plaintiff, who received it without objection. When the plaintiff was appointed trustee, the Trust Company assigned to him deposit-book No. 219 in its savings department, showing a deposit of $30,974.66 to the credit of the New Hampshire Trust Company, trustee Adams fund. The probate court allowed the account, and decreed that the Trust Company should be discharged from further liability as trustee. The plaintiff appeals from this decree, claims that he is a preferred creditor of the Trust Company for the full amount of the deposit, and also petitions the court in this county, asking that " the Trust Company be ordered and directed to pay over to your petitioner the amount deposited by it in its savings department, in full, and

that it be ordered to make immediate payment, out of such funds as may be available therefor, of a sum sufficient to make up for the deficiency in the assets in the savings department."

The plaintiff claims that the deposit in the savings department was illegal, and that he is entitled to be paid the full amount thereof, whether the funds so deposited are still there, or can be specifically traced and identified, and regardless of the claims and rights of all other depositors. The Trust Company was made by its charter a legal depositary for the funds of trustees, guardians, administrators, and others (Laws 1887, *c.* 169), and was authorized to act as trustee when duly appointed. If the deposit had been made by any other trustee it would have been a legal deposit, and the trustee would have been fully protected.

It is not necessary to consider whether the Adams fund can be identified or traced. After the enactment of *c.* 23, Laws 1891, the savings department of the Trust Company was duly organized as a distinct and separate department, and became amenable to the laws governing savings banks in this state. The securities in which the funds of this department were invested have depreciated in value, and are estimated to be sufficient to pay not more than fifty per cent of the amount due the depositors. The depositors are innocent purchasers of the securities without actual or constructive notice of the trust. The plaintiff is attempting to enforce his claim against property pledged to secure the depositors in the savings department, in which the Trust Company has only an equitable interest. He asks that the balance of the Adams fund be paid in full out of property in the savings department which the Trust Company has only the right to redeem, it having been set apart for or pledged to the depositors. As to other depositors in the savings department, the plaintiff stands like any one of them and is entitled only to his share. The Trust Company was as much a trustee of the other depositors in the savings department as it was of the Adams fund, and they must share alike in a distribution of funds derived from the conversion of securities originally held as investments of that department. The appeal is dismissed and the decree of the probate court affirmed.

*Case discharged.*

BLODGETT and PARSONS, JJ., did not sit: the others concurred.